983 F.2d 1076
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jack Bert HARVEY, Petitioner-Appellant,
v.
Manfred MAASS, Respondent-Appellee.
 No. 92-35066.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 7, 1993.*
Decided Jan. 15, 1993.
 
 Before D.W. NELSON, TROTT and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jack Bert Harvey ("Harvey") appeals the denial of his habeas corpus petition claiming ineffective assistance of counsel. We affirm.
 
 STANDARD OF REVIEW
 
 3
 Whether a defendant received ineffective assistance of counsel is a legal question which is reviewed de novo. United States v. Swanson, 943 F.2d 1070, 1072 (9th Cir.1991) (quotations and citations omitted).
 
 INEFFECTIVE ASSISTANCE OF COUNSEL
 
 4
 To prove ineffective assistance of counsel, Harvey is required to demonstrate that his counsel's acts or omissions were outside the range of professionally competent assistance and that he was prejudiced as a result of his counsel's actions. Strickland v. Washington, 466 U.S. 668, 687-90 (1984).
 
 
 5
 Harvey contends that his counsel was ineffective because (1) he failed to object to the admission of evidence indicating he had accidently broken his stepdaughter's arm, and (2) he failed to call certain potentially exculpatory witnesses to the stand.
 
 
 6
 We hold that the evidence referring to Harvey's stepdaughter's broken arm potentially was relevant to explain why his stepdaughter and son feared Harvey and so acted without actual physical compulsion from him. In addition, the Oregon Supreme Court held that the evidence was admissible. "[S]tate courts are the ultimate expositors of state law," and we will not disturb their rulings except in "extreme circumstances." Mullaney v. Wilbur, 421 U.S. 684, 691 (1975). No such circumstances are present here.
 
 
 7
 Furthermore, we hold that Harvey's trial counsel was not ineffective in failing to call several witnesses. Harvey's trial counsel's explanation as to why the witnesses were not called is compelling. Moreover, the district court held that the trial counsel's explanation was persuasive, and the state post-conviction court found that "[d]efense counsel subpoenaed and called all witnesses who were crucial to petitioner's defense." There is nothing to dispute this finding.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3